ORDER
SAYRE, JUDGE:
An application of the claimant, Rita M. Stewart, for an award under the West Virginia Crime Victims Compensation Act, was filed November 23, 2004. The report of the Claim Investigator, filed May 31, 2005, recommended that no award be granted. An Order was issued on September 7, 2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed September 29, 2005. This matter came on for hearing August 4, 2006, the claimant appearing in person, and the State of West Virginia by counsel, Benjamin F. Yancey, III, Assistant Attorney General.
On June 6, 2004, Norman Stewart, the claimant’s 43-year-old husband, was the victim of criminally injurious conduct in Hemshaw, Kanawha County. Mr. Stewart was standing behind his vehicle in the road when he was struck by another vehicle *204 driven by Samuel Pauley. Mr. Stewart was fatally injured.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the victim was not an innocent victim of crime. W.Va. Code §14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.” The Claim Investigator also found that Mr. Stewart was struck and killed by a hit-and-run driver, which does not fall into any of the four exceptions that relate to the use of a motor vehicle. W. Va. Code 14-2A-3(c) states, in part: “Criminally injurious conduct does not include conduct arising out of the ownership, maintenance or use of a motor vehicle, except when the person engaging in the conduct intended to cause personal injury or death, or except when the person engaging in the conduct committed negligent homicide, driving under the influence of alcohol, controlled substances or drugs, or reckless driving.”
The claimant testified at the hearing of this matter that on the day in question, her husband had been traveling in his vehicle behind a vehicle being driven by James Bentley. She stated that her husband had struck Mr. Bentley’s vehicle from behind, and while Mr. Bentley went to call the police, Mr. Stewart walked behind his vehicle to wave other vehicles around. The alleged offender, Samuel Pauley, then drove around a curve and struck Mr. Stewart. Mr. Pauley then left tire scene of the accident. Mr. Stewart’s acute alcohol intoxication was .26%.
The Claim Investigator’s original finding was that the victim was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding. Thus it became the claimant’s burden to prove by a preponderance of the evidence that her husband was not guilty of contributory misconduct. The Court is of the opinion that she did not meet this burden. There was no evidence produced at hearing to dispute the fact that her husband had been drinking. Further, there was no evidence presented at trial that this accident should fall into one of the four exceptions that relate to the use of a motor vehicle. Since there was no evidence presented that the victim was not guilty of contributory misconduct, the Court must deny this claim.
The Court is constrained by the evidence in this very tragic case to stand by its previous ruling; therefore, the claim must be, and is hereby, denied.